RENDERED:  FEBRUARY 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0208-MR

ALFIE COMPTON                                                                APPELLANT

v.          APPEAL FROM KENTON CIRCUIT COURT
HONORABLE GREGORY M. BARTLETT, JUDGE
ACTION NO. 16-CR-00498

COMMONWEALTH OF KENTUCKY                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

COMBS, JUDGE:  Appellant, Alfie Compton (Compton), appeals from the denial

of his RCr[1] 11.42 motion alleging that trial counsel was ineffective for failing to

object to certain jury instructions.  He contends that the challenged jury

instructions lacked specificity, thus depriving him of his constitutional right to a

unanimous verdict.  He also contends that appellate counsel was ineffective for

---

[1] Kentucky Rules of Criminal Procedure.

failing to raise the issue on direct appeal. The Kenton Circuit Court determined that the jury instructions provided sufficient specificity to satisfy the requirement for unanimous verdict. After our review, we affirm.

On April 12, 2017, a Kenton Circuit Court jury convicted Compton of Count 1, incest (victim under 12 years of age); Count 2, first-degree sodomy (victim under 12 years of age); Count 3, first-degree sexual abuse (victim under 12 years of age); Count 4, first-degree sodomy; and Count 5, first-degree rape. The first four counts were perpetrated against Compton's minor daughter, who is referred to in the record by the pseudonym, Ariana. Count 5 was perpetrated against a distant relative, who is referred to by the pseudonym, Bethany.

The jury recommended a sentence of 20 years for Count 1, 20 years for Count 2, five years for Count 3, 10 years for Count 4, and 10 years for Count 5. It also recommended that the sentences for Counts 1-4 run concurrently for a total of 20 years and that the sentence for Count 5 run consecutively to the previous four. In accordance with the jury's recommendation, the circuit court sentenced Compton to a total of 30-years' imprisonment. Compton appealed as a matter of right. Because his sentence consisted of a term of 20 years or more, his matter of right direct appeal was heard by the Supreme Court of Kentucky rather than by this Court. KY. CONST. § 110(2)(b).

On direct appeal, Compton argued that the jury instructions pertaining to Counts 1 and 2 lacked specificity in violation of his right to a unanimous verdict under Section 7 of the Kentucky Constitution. The issue was preserved. Compton explained that Ariana testified about multiple allegations and that the indictment for these offenses covered the period of time from December 30, 2006, to December 30, 2012. Compton argued that Instructions No. 5 for incest (Count 1)[2] and Instruction No. 6 for sodomy (Count 2)[3] did not differentiate the occasion upon

---

[2] Instruction No. 5 for Count 1, incest (victim under 12 years of age) read as follows:

> You will find the Defendant guilty of Incest under this Instruction and under Count I of the Indictment if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> A. That in this County on or between December 30, 2006 through December 30, 2012, and before the finding of the Indictment herein, he engaged in deviate sexual intercourse with [Ariana] on one occasion by placing his penis inside her mouth at 114 Pike Street, Bromley, Kentucky;
>
> B. That [Ariana] was his biological daughter;
>
> AND
>
> C. That he knew [Ariana] was his biological daughter;
>
> AND
>
> D. That at the time of such intercourse, [Ariana] was less than 12 years of age.

[3] Instruction No. 6 for Count 2, first-degree sodomy (victim under 12 years of age) read as follows:

> You will find the Defendant guilty of First Degree Sodomy under this Instruction and under Count II of the Indictment if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:A. That in this County on

-3-

which the allegations of guilt were premised. Agreeing that the jury instructions for Counts 1 and 2 violated Compton's right to a unanimous jury verdict, the Supreme Court reversed his convictions for Counts 1 and 2, vacated the associated sentences, and remanded.

By order entered on November 20, 2019, the Kenton Circuit Court -- on remand -- dismissed Counts 1 and 2 of the indictment without prejudice: "The convictions for Counts 3, 4, and 5, were affirmed by the Supreme Court of Kentucky; therefore, those convictions and the corresponding sentences remain."

On March 30, 2020, Compton, *pro se*, filed a motion to vacate, set aside, or correct sentence pursuant to RCr 11.42. Compton argued that his constitutional rights were violated when appellate counsel failed to raise any argument on direct appeal that his right to a unanimous jury verdict was violated by the instructions relating to Counts 3 and 4. Compton also filed a motion for appointment of counsel. By order entered on May 27, 2020, the circuit court appointed counsel to represent Compton in all further proceedings.

---

or between December 30, 2006 through December 30, 2012, and before the finding of the Indictment herein, he engaged in deviate sexual intercourse with [Ariana] on one occasion by placing his penis inside her mouth at 114 Pike Street, Bromley, Kentucky;

AND

B. That at the time of such intercourse, [Ariana] was less than 12 years of age.

On September 21, 2020, Compton, through counsel, filed a supplemental motion and memorandum. Compton argued that the instructions pertaining to Count 3 (Instruction No. 7) and to Count 4 (Instruction No. 8) violated his constitutional right to a unanimous verdict. Compton claimed that trial counsel was ineffective for failing to object to those instructions and that appellate counsel was ineffective for failing to raise the issue on direct appeal. Compton agreed that the claim could be resolved on the face of the record. He also argued that there could be no reasonable trial strategy for failing to object or to raise the issue on direct appeal, but that if the circuit court determined otherwise, Compton then requested an evidentiary hearing.

On December 9, 2020, the circuit court heard arguments on the RCr 11.42 motion. It did not take proof.

By order entered on January 21, 2020, the circuit court concluded that the instructions for Count 3 (Instruction No. 7) and Count 4 (Instruction No. 8) did not violate Compton's right to a unanimous verdict. The court explained that the language of those instructions differed from the language of the instructions for Counts 1 and 2 "and provide sufficient specificity to allow for a unanimous verdict" and noted *Lockaby v. Commonwealth*, No. 2019-SC-000270-MR, 2020

WL 5104884, at \*4 (Ky. Aug. 20, 2020),[4] "in support of its findings that the Instructions complained of by Compton did provide sufficient specificity to satisfy the requirement for [a] unanimous verdict."

Compton appeals pursuant to RCr 11.42.

We summarize the criteria governing an appeal alleging ineffective assistance of counsel pursuant to RCr 11.42.

> We review the [circuit] court's denial of an RCr 11.42 motion for an abuse of discretion. An RCr 11.42 motion is limited to the issues that were not and could not be raised on direct appeal. *Sanborn v. Commonwealth*, 975 S.W.2d 905, 908-09 (Ky. 1998) (*overruled on other grounds*). In order to prevail on an ineffective assistance of counsel claim, a movant must show that his counsel's performance was deficient and that but for the deficiency, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Courts must also examine counsel's conduct in light of professional norms based on a standard of reasonableness. *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001).

> Pursuant to the holding in *Strickland*, *supra*, a "defendant must show that there is a reasonable

---

[4] In *Lockaby*, 2020 WL 5104884, Lockaby was convicted of two counts of first-degree sodomy, victim under twelve. The trial court's Instruction No. 4 (pertaining to the act of sodomy in the summer of 2012) referenced the crime as having occurred "while it was warm outside, and [victim] did not request a blanket." Instruction No. 5 (pertaining to the act of sodomy in the fall of 2012) referenced the crime as having occurred "while it was cool outside, and [victim] requested a blanket." *Id.* at \*4. Lockaby argued that "he was denied a unanimous verdict by the absence of a unique identifier in Instruction No. 4 to ensure all jurors convicted him of the same crime." *Id.* at \*5. Our Supreme Court held that "the trial court included adequate details from which the jury could reasonably distinguish the crimes. A full litany of distinguishing facts need not be incorporated into a jury instruction, nor must a particular fact urged by the defense be included." *Id.* at \*7.

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

*Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014).

Compton argues: that the circuit court erred in denying his motion for relief under RCr 11.42; that trial counsel was ineffective for failing to object to the jury instructions for Counts 3 and 4, resulting in the violation of his right to a unanimous jury verdict; and that appellate counsel was ineffective for failing to raise the issue on direct appeal. Compton argued that Instructions Nos. 7 and 8 lacked specificity as to which instance the jury should consider in determining whether Compton committed the act.

"Section 7 of the Kentucky Constitution requires a unanimous verdict . . . ." *Wells v. Commonwealth*, 561 S.W.2d 85, 87 (Ky. 1978). A violation of this provision may occur in several ways; however, it may be stated as a general principle that a violation occurs when a verdict is returned based upon jury instructions and verdict forms that provide no assurance that all of the jurors based their finding of guilt on the same event. *Johnson* [*v. Commonwealth*, 405 S.W.3d 439, 449 (Ky. 2013)]; *Ruiz v. Commonwealth*, 471 S.W.3d 675, 678 (Ky. 2015).

*Elam v. Commonwealth*, 500 S.W.3d 818, 826 (Ky. 2016).

In the case before us, the instruction for Count 3 provided as follows:

## INSTRUCTION NO. 7 – COUNT III

You will find the Defendant guilty of First Degree Sexual Abuse under this Instruction and under Count III of the Indictment if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this County on or between December 30, 2006 through December 30, 2012, and before the finding of the Indictment herein, he subjected [Ariana] to sexual contact by rubbing her vagina with his penis at 114 Pike Street in Bromley, Kentucky and he said he could not insert his penis because if she was examined, they would be able to know;

AND

B. That at the time of the such contact, [Ariana] was less than 12 years of age.

Compton argues that this instruction is defective because it includes multiple, non-specific instances of alleged sexual abuse in the first degree. Compton acknowledges that the instruction did require the jury to find one additional fact -- that Compton "said he could not insert his penis because if she was examined, they would be able to know"; but he contends that it is meaningless in the context of guaranteeing a unanimous verdict.

At trial, Ariana identified a photograph of the home at 114 Pike Street in Bromley, Kentucky -- the address referenced in the instruction -- where she lived with her mother, Compton, and her older brother. Ariana testified that she had her own bed in her own room in that house and her parents' room was at the end of a long hallway. Both Ariana's and her parents' rooms were on the second

-8-

floor. The prosecutor asked Ariana if there was ever a time when she had to sleep in the same bed as the defendant. Ariana testified that her mother had to get up early to go to work. She would wake Ariana and put her in the room with Compton because he would not hear the alarm.

Ariana testified that she was around six or seven when this started. When she got into the bed with her father, he sometimes would be asleep. When Ariana's mother left, the door to the room was left open, but Compton would eventually get up, close it, and get back in bed. Ariana testified that when he got back in the bed, it would start out with Compton's asking her to rub his tummy, rub his chest, and would lead to Ariana's putting her hand on his penis. Ariana testified that Compton would continue to say "go lower." It got to a point where it became more than just touching the penis. Asked how old she was when this happened, Ariana testified that she was "not too sure" of an actual age, but that she was under the age of twelve. Ariana testified that at this point, every morning he would rub his penis against her vagina and it was a daily routine.

The prosecutor asked Ariana if at any point Compton's penis ever went inside her vagina. Ariana testified, "No." The prosecutor asked if Compton ever said anything about why his penis wouldn't or couldn't go inside her vagina. Ariana testified, "I mean he told me before like I can't put it in because if your Mom ever took you to get examined like they'd be able to know." Compton

argues that there is no evidence how many times this statement was made, nor any evidence that this statement was made at the location identified in the instruction.

We agree with the Commonwealth that Compton is attempting "to inject a broader period of time into Ariana's testimony." Ariana was asked if Compton had *ever* said anything about why he did not put his penis in her vagina. Again, Ariana testified that he had. We believe that it is clear from the context of Ariana's testimony that Compton's statement was made at the location identified in the instruction.

Compton also contends that the instruction for Count 4 violated his right to a unanimous jury verdict. The instruction provides as follows:

**<u>INSTRUCTION No. 8 – COUNT IV</u>**

You will find the defendant guilty of First Degree Sodomy under this Instruction and under Count IV of the Indictment, if and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this County on or between December 12, 2012 and through January 24, 2016, and before the finding of the Indictment herein, he engaged in deviate sexual intercourse with [Ariana] at 218 Oak Street in Ludlow, Kentucky.

AND

B. that he did so by forcible compulsion.

(Emphasis original.)

-10-

Ariana testified that the last time that something sexual happened, she was about 13 or 14 and that the location was on the street with the firehouse in Ludlow. Ariana identified a photograph of the Ludlow house. Ariana explained that she did not go there a lot because the house was small and she did not like being around Compton. She laid down to take a nap and the same thing happened -- that she would be asked to rub his chest and stomach -- and that on this particular occasion she was forced to perform oral sex on Compton. When he got up to go into the bathroom, Ariana got up and left.

Compton argues that the instruction fails to direct the jury to consider only one specific instance of sodomy. As the Commonwealth notes, this was the only event Ariana testified to that happened at the Ludlow house. We agree with the Commonwealth that Instruction No. 8 for Count 4 (Sodomy) was specific enough to differentiate it from other crimes as it applied to the single event at that address.

We are satisfied that the circuit court did not abuse its discretion in concluding that the instructions provided "sufficient specificity to satisfy the requirement for [a] unanimous verdict." Having determined that the instructions were not erroneous, we are compelled to hold that there can be no ineffective assistance of counsel for failing to object to the instructions -- nor any ineffective assistance of appellate counsel for failing to challenge them on direct appeal.

*Parrish v. Commonwealth*, 272 S.W.3d 161, 172 (Ky. 2008) ("Since this Court

concludes that the instruction was not erroneous, there could not have been

ineffective assistance of counsel in failing to challenge the instruction.").

We affirm the denial of the RCr 11.42 motion by the Kenton Circuit

Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

A. Daniel Buckley, IV
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky