RENDERED: MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0423-MR

DARRELL D. BROWN										APPELLANT

v.							APPEAL FROM HARDIN CIRCUIT COURT
							HONORABLE JOHN D. SIMCOE, JUDGE
							ACTION NO. 18-CR-00623

COMMONWEALTH OF KENTUCKY									APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND ECKERLE, JUDGES.

THOMPSON, CHIEF JUDGE: Darrell D. Brown ("Appellant"), *pro se*, appeals from an order of the Hardin Circuit Court denying his Kentucky Rules of Criminal Procedure ("RCr") 11.42 motion alleging ineffective assistance of counsel. Appellant raises several arguments in support of RCr 11.42 relief including trial counsel's failure to move to sever the trafficking and bail jumping charges; failure to argue voluntary intoxication as a defense and to seek a jury instruction on the

defense; improperly opening the door to rebuttal questions suggesting that Appellant was a convicted felon; and failure to object to prejudicial and irrelevant expert testimony. Appellant seeks an opinion reversing his conviction and ordering a new trial. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellant's underlying criminal conviction was adjudicated on direct appeal to the Kentucky Supreme Court in *Brown v. Commonwealth*, No. 2019-SC-0268-MR, 2020 WL 7395355 (Dec. 17, 2020). In the interest of judicial economy, we adopt the Supreme Court's recitation of facts as that of this Court. It stated:

> At almost midnight, grocery store employees called police asking officers that they check on Appellant's car in the public parking lot. In the call, the store employees stated the lights were on in Appellant's vehicle, and it had been there a few hours. When police arrived, they knew the store was closed. Officers observed Appellant's car in the parking lot with the engine running. Officers noticed loose tobacco, and saw Appellant leaning over the center console, "with his arms wrapped up like he was laying on his arms." Officers knocked on the window, and after approximately six-seconds, Appellant rolled the window down.

> After speaking to Appellant, police took his driver's license back to the police cruiser to check his driver's status and determine if he had any outstanding warrants. Officers learned Appellant had a similar encounter with officers approximately two weeks prior when he was also sitting in his car while waiting on his girlfriend. After running Appellant's license, police re-

approached Appellant's car and ordered him to exit the vehicle pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). Once out of the car, Appellant consented for police to search his person.

Officers then ordered Appellant to the front of the police cruiser for further questioning. Police testified they did not smell alcohol, marijuana, or meth during the interaction. Appellant told police he was waiting on a call from his girlfriend so he could go to her house after work but had fallen asleep in the car. When asked about the loose tobacco, Appellant told police he rolls his own cigarettes, explaining it is cheaper.

After some time, police requested permission to search Appellant's car, but he refused. Police acknowledged the refusal, and ordered Appellant to wait at the front of the police cruiser, away from his car, while officers looked around the exterior of the car, peering inside at different angles with a flashlight. Eventually, police noticed marijuana in the floorboard and called Appellant over, who confirmed the identity of the substance in the baggie. Police subsequently searched Appellant's car, where they found drug paraphernalia, methamphetamine, and marijuana. Officers arrested Appellant after finding the drugs.

While on bond, Appellant failed to appear for his preliminary hearing and the trial court issued a warrant. After officers arrested Appellant, a grand jury indicted him for first-degree trafficking in a controlled substance (methamphetamine, less than two grams), possession of drug paraphernalia, possession of marijuana, first-degree bail jumping, and first-degree persistent felony offender.

Appellant filed a motion to suppress evidence related to the police search, arguing the search and seizure violated his rights pursuant to the Fourth Amendment of the United States Constitution and Section 10 of the Kentucky Constitution. After a

hearing, the trial court denied the motion. It found the police were performing a welfare check, and, alternatively, that the officers had reasonable suspicion of criminal activity. Further, the trial court found police did not unlawfully extend the stop.

Before trial, Appellant filed a motion to exclude a detective's testimony, or alternatively, to have a hearing to determine whether the detective was qualified to testify as an expert. The trial court found the detective was qualified to testify. During trial, Appellant argued the Commonwealth elicited testimony from its witnesses that implied the felony status of Appellant, although Appellant did not testify. After the jury trial, Appellant was convicted of all charges and sentenced to twenty years' imprisonment.

*Id.* at *1-2.

The Kentucky Supreme Court determined that police officers unconstitutionally extended Appellant's vehicle stop. As such, the court ruled that the fruits of the officers' subsequent search should have been suppressed at trial. The court reversed Appellant's convictions for trafficking in a controlled substance in the first degree, possession of marijuana, and possession of drug paraphernalia.[1] It affirmed the bail jumping in the first degree and persistent felony offender in the first degree ("PFO") convictions, and remanded the matter to the trial court.[2]

---

[1] Kentucky Revised Statutes ("KRS") 218A.1412; KRS 218A.1422; and KRS 218A.500(2).

[2] KRS 520.070 and KRS 532.080(3).

Thereafter, Appellant filed a motion in Hardin Circuit Court seeking to vacate or set aside his judgment pursuant to RCr 11.42. In support of the motion, Appellant argued that his trial counsel failed to provide the effective assistance to which he was constitutionally entitled. Specifically, Appellant asserted that counsel improperly failed to: 1) sever the bail jumping charge from the trafficking charge; 2) set forth a voluntary intoxication defense and related jury instruction; 3) avoid opening the door to inadmissible evidence tending to reveal that Appellant was a convicted felon; 4) seek to exclude inadmissible expert testimony relating to drug trafficking; and 5) object to prosecutorial misconduct. Appellant also argued that the cumulative effect of these errors required reversal. The circuit court denied Appellant's motion without a hearing, and this appeal followed.[3]

## STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by

---

[3] Appellant appeals from the March 14, 2022 order denying his motion for RCr 11.42 relief, and from the March 30, 2022 order denying his Kentucky Rules of Civil Procedure ("CR") 59.05 motion to alter, amend, or vacate the March 14, 2022 order. Per *Ford v. Ford*, 578 S.W.3d 356 (Ky. App. 2019), however, an order addressing a CR 59.05 motion is interlocutory and not subject to appellate review. As such, we will consider only the March 14, 2022 order.

the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. (Internal citation omitted).

*Id.* at 691-92, 104 S. Ct. at 2066-67 (citation omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. Additionally, "a hearing is required only if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

-6-

# ARGUMENTS AND ANALYSIS

Appellant, *pro se*, now argues that the circuit court committed reversible error in denying his motion for RCr 11.42 relief. Appellant first asserts that his trial counsel improperly failed to move to sever the trafficking and bail jumping charges. Specifically, Appellant argues that the facts used to prosecute the trafficking charge, including the fact that Appellant was a convicted felon, would not have been admissible at a separate trial for bail jumping. By allowing the charges to be tried together, Appellant contends that his counsel improperly allowed the jury to be influenced to return a guilty verdict on the bail jumping charge. Appellant also directs our attention to guidelines published by the National Legal Aid & Defender Association, and the American Bar Association, in support of his contention that his trial counsel breached various duties to provide full and effective assistance on this issue. He seeks an order reversing the circuit court's denial of his motion for relief, and remanding the matter for a new trial on the charge of bail jumping.

>   RCr 8.31 addresses separate trials. It states:
>
>   If it appears that a defendant or the Commonwealth is or will be prejudiced by a joinder of offenses or of defendants in an indictment, information, complaint or uniform citation or by joinder for trial, the court shall order separate trials of counts, grant separate trials of defendants or provide whatever other relief justice requires. A motion for such relief must be made before the jury is sworn or, if there is no jury, before any

evidence is received. No reference to the motion shall be made during the trial. In ruling on a motion by a defendant for severance the court may order the attorney for the Commonwealth to deliver to the court for inspection in camera any statements or confessions made by the defendants that the Commonwealth intends to introduce in evidence at the trial.

"A trial judge has broad discretion in ruling on an . . . [RCr 8.31] motion, and that determination will not be overturned on appeal unless an abuse of discretion is shown." *Elam v. Commonwealth*, 500 S.W.3d 818, 822 (Ky. 2016).

As the matter is before us from the denial of Appellant's motion for RCr 11.42 relief, the dispositive question is whether counsel's performance at trial was so deficient on this issue as to prejudice Appellant's defense. *Strickland*, 466 U.S. at 669, 104 S. Ct. at 2055. That is to say, there must be a reasonable likelihood that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 669, 104 S. Ct. at 2055-56. Having closely examined the record and the law, we conclude that there is no reasonable likelihood that Appellant would have been found not guilty on the bail jumping charge but for counsel's decision not to move to sever the proceedings. Evidence was adduced that Appellant was released on a $5,000 bond after being charged with trafficking in a controlled substance, possession of drug paraphernalia, and possession of marijuana. As part of his release, Appellant acknowledged in writing that he would be subject to a bail jumping charge if he did not appear. The

release directed Appellant to appear in Hardin Circuit Court on a specific date and time. Appellant then failed to appear as required by the condition of his bond and a bench warrant was issued. He was eventually arrested and taken into custody.

These facts were not contested at trial. Accordingly, even if Appellant's trial counsel successfully moved to sever the proceedings, the underlying facts nevertheless would have supported a jury finding Appellant guilty on the charge of bail jumping. We do not find that Appellant's trial counsel failed to act as "counsel" as guaranteed by the Sixth Amendment, nor that counsel's performance was so deficient as to create a reasonable likelihood of a different outcome had counsel moved to sever the proceedings. *Strickland*, *supra*. Accordingly, we find no error in the Hardin Circuit Court's denial of RCr 11.42 relief on this issue.

Appellant goes on to argue that his counsel was ineffective in failing to raise voluntary intoxication as a defense at trial. He again directs our attention to the National Legal Aid & Defender Association guidelines, and the American Bar Association guidelines, in support of his contention that his trial counsel breached a duty to provide a complete defense to the bail jumping charge by proving that Appellant was voluntarily intoxicated. Specifically, Appellant asserts that he fully discussed with counsel how Appellant was a user of illegal drugs, how his bail was revoked for failing to take a drug test, that police officers collected

evidence of drug use including handheld torches and syringes, and how Appellant

tested positive for multiple illegal drugs at the time of his arrest.  Appellant argues

that his counsel improperly failed to fully exploit these facts at trial, and appears to

assert that he would not have been found guilty of bail jumping, or would have

received a reduced sentence, had the jury been fully apprised of Appellant's

ongoing struggle with drug use.

> A person is guilty of bail jumping in the first degree
> when, having been released from custody by court order,
> with or without bail, upon condition that he will
> subsequently appear at a specified time and place in
> connection with a charge of having committed a felony,
> he intentionally fails to appear at that time and place.

KRS 520.070(1).

> The Penal Code makes voluntary intoxication a
> defense "only if such condition . . . [n]egatives the
> existence of an element of the offense."  KRS
> 501.080(1).  Here, the element subject to negation by
> intoxication is criminal intent – that is, "intoxication that
> negates an individual's capacity to form a culpable
> mental state essential to the commission of the offense."

*King v. Commonwealth*, 513 S.W.3d 919, 923 (Ky. 2017) (footnote and citation

omitted).

Again, as this matter is before us via the denial of Appellant's RCr

11.42 motion, and not by way of direct appeal, the question is whether Appellant's

counsel provided ineffective assistance which created a reasonable probability of a

different outcome but for the ineffective assistance.  *Strickland*, *supra.*  As the

Commonwealth properly notes, Appellant's trial counsel may have chosen as a matter of strategy not to bring undue attention to Appellant's pattern of illegal drug use when seeking a verdict of not guilty on the bail jumping charge. We are required to be "highly deferential" to counsel's trial performance without second-guessing. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," including the presumption that "the challenged action might be considered sound trial strategy." *Id.* at 690, 104 S. Ct. at 2066 (internal quotation marks and citation omitted). Appellant has not overcome that presumption.

Further, Appellant has neither alleged nor cited to any evidence of record that he was so intoxicated on illegal drugs at the time he failed to appear that he no longer possessed the "capacity to form a culpable mental state essential to the commission of the offense." *King*, 513 S.W.3d at 923. In sum, Appellant has not demonstrated that his trial counsel's performance on this issue was so ineffective as to deprive him of constitutionally-protected rights which altered the outcome of the proceeding.

Appellant next argues that his trial counsel improperly opened the door to rebuttal questions which revealed that Appellant was a convicted felon. Appellant contends that his trial counsel improperly asked Officer Slabaugh and

Detective Turner if a gun was found in Appellant's possession at the time of his arrest. Appellant argues that this line of questioning opened the door for the Commonwealth to ask the officer and detective on rebuttal questions which suggested that Appellant was a felon. Appellant argues that but for his counsel's questions, the Commonwealth would not have been able to indirectly communicate to the jury that Appellant was a felon and that this adversely affected the jury's decision-making process.

In Appellant's direct appeal to the Kentucky Supreme Court, the high court expressly found that neither Officer Slabaugh nor Detective Turner testified that felons could not lawfully carry firearms, nor that Appellant was a convicted felon. *Brown*, 2020 WL 7395355, at *6 n.1. Further, the court found that Appellant's counsel did not object to the Commonwealth's questions because they implied that Appellant was not a drug dealer since he was not in possession of a firearm at the time of arrest. *Id.*

Again, we are bound by the strong presumption that the challenged action is sound trial strategy. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. Appellant's counsel elicited responses from two law enforcement officials demonstrating that Appellant was not unlawfully possessing a firearm at the time of his arrest, and the Commonwealth's rebuttal questions neither suggested nor revealed that Appellant was a felon. We find no error on this issue.

-12-

Appellant's fourth argument is that his counsel was ineffective in failing to object to certain expert testimony. At trial, Detective Clinton Turner provided expert opinion testimony that Appellant was probably trafficking in methamphetamine. In support of this opinion, Turner noted that Appellant was found with digital scales and several baggies containing the same amount of the drug. He provided background information about methamphetamine trafficking, and stated that traffickers are less likely to have cash on their person if they have been "fronted" or given drugs in advance to sell.

Appellant argues that his counsel should have objected to this testimony as not relevant to the bail jumping charge. This is effectively the same argument he made above that the trafficking and bail jumping charges should have been severed. Whether Detective Turner's testimony affected the jury's decision-making process on the bail jumping charge is highly speculative, and does not overcome the strong presumption that counsel's performance at trial was effective. Again, there was ample evidence to support a guilty verdict on the bail jumping charge, irrespective of any testimony adduced on the other charges Appellant was facing. We find no error.

Lastly, Appellant argues that his trial counsel was ineffective in failing to object to prosecutorial misconduct, and that the cumulative effect of the foregoing errors supports his motion for RCr 11.42 relief. On the claim of

prosecutorial misconduct, Appellant contends that the Commonwealth's closing argument so inflamed the jury with misleading and unfair assertions of guilt as to deny Appellant the Due Process to which he was constitutionally entitled. Appellant argues that counsel was ineffective in failing to object to these misleading and unfair assertions.

A claim of prosecutorial misconduct must be grounded on proof that the prosecutor engaged in improper or illegal acts intended to bring about a wrongful conviction or an unjustified punishment. *Commonwealth v. McGorman*, 489 S.W.3d 731, 741-42 (Ky. 2016) (citation omitted). Appellant was not wrongfully convicted on the charge of bail jumping, nor was the punishment unjustified. Irrespective of whether Appellant's counsel objected to the Commonwealth's closing argument, there was ample evidence to support the jury's verdict on the charge of bail jumping. We find no basis for concluding that the circuit court erred in denying RCr 11.42 relief on this issue.

Cumulative error may be found only where multiple harmless errors have the combined effect of rendering the trial unfair. *Mason v. Commonwealth*, 559 S.W.3d 337, 344-45 (Ky. 2018). Having found no individual error, there can be no aggregate finding of cumulative error.

## CONCLUSION

Appellant has not overcome the strong presumption set out in *Strickland* that counsel's performance was effective.  There was no individual error, and thus no cumulative error.  The circuit court did not err in so finding.  Accordingly, we affirm the March 14, 2022 order of the Hardin Circuit Court denying Appellant's motion for RCr 11.42 relief from judgment.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Darrell D. Brown, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky